```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

DAVID KING, et al.,            }
                               }
    Plaintiffs,                }    CIVIL ACTION NO.
                               }    02-AR-2874-S
v.                             }
                               }
NATIONWIDE MUTUAL INSURANCE    }
COMPANY,                       }
                               }
    Defendant.                 }

**MEMORANDUM OPINION AND ORDER**

The court has heard oral argument and considered briefs and supplementary briefs for and against plaintiffs' motion to amend or correct the order entered on September 2, 2005, which denied plaintiffs' right to depose Leigh Harrelson.

A fair reading of the complaint, as last amended and that cannot be further amended, does not reflect the existence of a claim of bad faith refusal to pay plaintiffs' attorneys' fees incurred after April 22, 2004, when the court first ordered defendant, Nationwide Mutual Insurance Company, to pay the reasonable fees of Maynard, Cooper & Gale for their defense of plaintiffs who were defendants in the underlying case. The court agrees with plaintiff's counsel that they never represented Nationwide and are not in a conflict of interest, but the dispute between plaintiffs and/or their counsel and Nationwide over what constitutes "reasonable attorneys' fees" incurred by plaintiffs after April 22, 2004, although it may eventually require judicial

resolution and may form a basis for plaintiffs to claim compensatory damages for breach of the insurance contract under present pleadings, cannot create a new or expanded claim of bad faith. Such "bad faith" would be the only basis for finding Harrelson's testimony relevant.

If plaintiffs decide to prove damages in the form of the reasonable attorneys' fees incurred in their defense, minus what Nationwide has paid, they must do it in the traditional way. Of course, if Nationwide should list Harrelson as a witness intending to offer him as an expert for the purpose of challenging the reasonableness of the attorneys' fees charged plaintiffs by plaintiffs' counsel, the court will allow plaintiffs to depose Harrelson even after discovery is otherwise closed.

On the basis of the foregoing, plaintiffs' motion to amend or correct is DENIED.

DONE this 18th day of October, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE