FILED

2006 Apr-28  AM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID KING, et al.,                    }
                                       }
        Plaintiffs,                    }      CIVIL ACTION NO.
                                       }      02-AR-2874-S
v.                                     }
                                       }
NATIONWIDE MUTUAL INSURANCE            }
COMPANY,                               }
                                       }
        Defendant.                     }


### MEMORANDUM OPINION

Before the court is a motion for summary judgment filed by defendant, Nationwide Mutual Insurance Company ("Nationwide"). Plaintiffs, Consolidated Marketing Group, Inc. ("Consolidated"),and Suncoast Fringe Benefits, Inc. ("Suncoast"), both of which were Nationwide's insureds under two policies of casualty insurance, and David King ("King") and Michael Foster ("Foster"), both of whom were officers of Consolidated and of Suncoast, and as such were covered by the Nationwide policies on the two corporations (all four plaintiffs hereinafter being referred to as "the King plaintiffs"), were sued, together with others, in this court in *McFarlin v. Conseco Services, LLC, et al.*, CV-99-AR-2282-S ("*McFarlin*").  *McFarlin* was a rather complicated tort case with a number of theories of liability. The King plaintiffs called upon Nationwide to defend and to indemnify them, and Nationwide declined to do so.  The King plaintiffs thereupon sued Nationwide in this action, which was

joined with *McFarlin*, the underlying case.  When a settlement was reached in *McFarlin*, and that action was dismissed with prejudice, this separate case, while altered dramatically by the settlement in *McFarlin*, proceeded with discovery toward final disposition.  The King plaintiffs claim that Nationwide breached the insurance contracts, was guilty of bad faith failure to defend and/or indemnify, was negligent in failing to defend, was negligent in failing to indemnify, was wanton in failing to defend, and was wanton in failing to indemnify.  The original complaint against Nationwide, filed on November 25, 2002, had only claimed breach of contract and bad faith.  By amendment added on September 10, 2004, the King plaintiffs added the negligence/wantonness claims.  The King plaintiffs not only seek economic damages, but compensation for their alleged mental anguish and punitive damages.  Nationwide now seeks summary judgment on all claims.

## **Breach of Contract**

The insurance coverage questions presented when this case began have, in large part, become moot, because after this court ordered Nationwide to provide a defense for the King plaintiffs in *McFarlin*, that case was settled.  As part of the settlement, the underlying case was dismissed with prejudice as against the King plaintiffs, using Nationwide's money to accomplish this

2

favorable result.  Therefore, the only economic loss arguably
sustained by the King plaintiffs, and that might be recovered in
this case, is what they paid or owe to their lawyers to the
extent not already reimbursed by Nationwide.  In other words, the
only remaining claim based on contract is the claim for recovery
of the unpaid-by-Nationwide reasonable cost of the defense of the
King plaintiffs, that is, unless there is a viable claim for
mental anguish in favor of the King plaintiffs arising from the
alleged breach of contract.  The court has already found that the
law of Florida, where these insurance contracts were executed,
governs the contract claim.  There can be no claim for mental
anguish as a proximate consequence of a breach of a Florida
casualty insurance contract.  *Otero v. Midland Life Ins. Co.*, 753
So.2d 579, 580 (Fla. Dist. Ct. App. 1999).  If this action
involved a health insurance contract, mental anguish might have
been contemplated by the contracting parties, and the result
might be different.  In this case, there is no claim for mental
anguish.

### **Bad Faith**

Before discussing the viability of the claims added by
amendment on September 10, 2004, the court ventures to guess why
the King plaintiffs added claims for alleged negligence and
wanton conduct.  The King plaintiffs knew that this court had not

made a final ruling on the indemnity question.  The court had only required Nationwide to provide a defense, and even on that question, the court had never expressed a lack of the slightest of doubts about Nationwide's obligation to defend.  In fact, the court agonized over the question in a lengthy opinion.  There was certainly a legitimate debate over the question even though this court resolved it in favor of the King plaintiffs.  The mere fact that this court ordered Nationwide to provide a defense did not constitute or imply a holding that the interpretation of the insurance contracts had not been fairly debatable as regards the obligation to defend, much less that the obligation to indemnify was not a fairly debatable issue.

The law of Alabama recognizes the peculiar tort of bad faith only against insurance companies, and then only if the insurance company's refusal to defend and/or to indemnify has no legitimately arguable basis.  *National Security Fire & Casualty Co. v. Bowen*, 417 So.2d 179 (Ala. 1982).  The absolute nature of Nationwide's defense to the bad faith claim, to the extent it is brought by the individual plaintiffs, David King and Michael Foster, is made even more obvious when it is realized that these two were officers of the named insureds and only enjoyed coverage by virtue of their offices.  They themselves were not parties to the insurance contracts.  Their standing to complain of bad faith is even more tenuous than that of the corporations that were the

4

named insureds.

## Negligence and Wantonness

The court will not attempt to decide whether the law of Alabama or the law of Florida would govern the viability of the King plaintiffs' purported causes of action based on Nationwide's alleged negligent and/or wanton conduct in failing to defend and/or to indemnify.  At the time the King plaintiffs added these claims, they must have anticipated the insurmountable obstacle they faced in their pursuit of a bad faith claim under Alabama law.  They either thought that such negligence and wantonness claims arose from the insurance contracts and would therefore be governed by the law of Florida, a state they may have thought recognizes such causes of action in tort, or that they could convince this court to become the first court in Alabama to recognize such causes of action under the law of Alabama. Neither excuse for the amendment of September 10, 2004, has proven justified.  If these new allegations constitute torts, they are, of course, governed by Alabama law because the torts occurred in Alabama.  But, Alabama recognizes no such torts.  The citations of authority put forward by the King plaintiffs on this subject either are totally inapposite or are easily distinguishable.  The Florida law provides no more comfort for the King plaintiffs.  The courts of Florida recognize no duty to

5

defend or to indemnify that is independent of the claim for a breach of an insurance contract.

It appears to this court that the King plaintiffs have dressed up their abortive bad faith claim in the new but transparent clothes of negligence/wantonness.  These alternatives are no more viable than is the bad faith claim.  *Arguendo*, the court is willing to assume with the King plaintiffs that Nationwide did not act as a reasonably prudent insurance company should have acted *vis-a-vis* the King plaintiffs, and, in fact, acted contrary to good insurance adjusting practice.  The court is even willing to assume, *arguendo*, that Nationwide fully intended to deny a defense and indemnity to the King plaintiffs before it ever conducted any investigation whatsoever of the claims made in *McFarlin*.  Nevertheless, the law of Alabama does not recognize negligence/wantonness as a substitute for bad faith where the coverage question is fairly debatable.  If the King plaintiffs can convince the Eleventh Circuit that the law of Alabama on this subject is in doubt, it will not hurt this court's feelings if the Eleventh Circuit certifies the question to the Supreme Court of Alabama.  If this court had serious doubt about it, it would do just that.

## Conclusion

Based on the foregoing, Nationwide's motion for summary

judgment will be granted, except for what is left of the contract claim.

A separate appropriate order will be entered.

DONE this 28th day of April, 2006.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

7