IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID KING, et al.,           }
                              }
     Plaintiffs,              }     CIVIL ACTION NO.
                              }     02-AR-2874-S
v.                            }
                              }
NATIONWIDE MUTUAL INSURANCE   }
COMPANY,                      }
                              }
     Defendant.               }

**MEMORANDUM OPINION AND ORDER**

The pretrial conference scheduled for January 4, 2007, was downgraded to a status conference after the court learned of the strong difference of opinion between plaintiffs, David King, et al., and defendant, Nationwide Mutual Insurance Company ("Nationwide"), about what are the issues remaining to be tried. A copy of the proposed pretrial order presented by the parties is attached hereto as Exhibit "A". It reflects plaintiffs' contention that they are not only entitled to recover the attorneys' fees reasonably incurred in defense of the claims that the court ordered Nationwide to defend, and not previously reimbursed, but also what they describe as consequential damages in an estimated amount of $1,200,000, resulting from Nationwide's alleged breach of its obligation to provide the defense.

After hearing arguments from both sides and expressing some surprise, the court announced its agreement with Nationwide's recollection and/or interpretation of the prior proceedings and

orders, and concluded that consequential damages of the sorts envisioned by plaintiffs are precluded. Because plaintiffs insist upon their position and object to the entry of a pretrial order that eliminates their sizable said claim, and have requested the opportunity to have the question passed upon by the Eleventh Circuit before spending the time and incurring the expense of trial, the court hereby REMOVES any possibility for misapprehending what this court now CONFIRMS to be the single issue that remains to be tried, namely, the amount of reasonable attorneys' fees unpaid by Nationwide in defense of the underlying case, plus interest from the due date.

Plaintiffs concede that they are not entitled to recover for any mental anguish they suffered as a proximate consequence of the alleged breach of the contractual obligation to defend, while insisting that they are entitled to recover other of consequential damages. Under the law of Alabama, mental anguish, like other forms of consequential damages, can be recovered in an action for breach of contract if such damages were clearly within the contemplation of the parties. *See B&M Homes, Inc. v. Hogan*, 376 So. 2d 667 (Ala. 1979); *Walker Builders, Inc. v. Lykens*, 628 So. 2d 923 (Ala. 1993). The court finds no reason to open an inquiry into other forms of consequential damages if the claim of an Alabama recognized form of consequential damages is clearly foreclosed. In fact, the court finds that all forms of indirect

2

damages are foreclosed in this case as not having been within the contemplation of the parties. The fact that the Eleventh Circuit did not recognize, either expressly or implicitly, the possible recovery by plaintiffs of consequential damages reinforces this court's conclusion that the only issue remaining is the determination of the amount of unreimbursed reasonable attorneys' fees, plus interest from the due date.

In accordance with 28 U.S.C. § 1292(b), the court finds that its above-refusal to include the claim by plaintiffs for consequential damages involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from this order may materially advance the ultimate termination of the litigation.

The case will be reset for final pretrial conference after the Eleventh Circuit either declines to accept an interlocutory appeal by plaintiffs, or renders an opinion and issues and mandate on plaintiffs' anticipated interlocutory appeal.

DONE this 5th day of January, 2007.

/s/ William M. Acker

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID KING, an individual; MICHAEL FOSTER an individual; SUNCOAST FRINGE BENEFITS, INC., a corporation; and CONSOLIDATED MARKETING GROUP, INC., a corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation,<br><br>Defendant. | Civil Action No. 02-AR-2874-S |

## PRETRIAL ORDER

A pretrial conference was held in the above case on January 4, 2007, wherein, or a result of which, the following proceedings were held and action taken:

1. <u>Appearances</u>. Appearing at the conference were:

    Randall S. Haynes, John N. Bolus and John Thomas A. Malatesta, III for the King plaintiffs.

    Kori L. Clement for Defendant Nationwide Mutual Insurance Company ("Nationwide").

2. <u>Jurisdiction and Venue</u>. Subject matter jurisdiction exists under 28 U.S.C. § 1332 by reason of the amounts in controversy and the admitted diversity of jurisdiction. Personal jurisdiction and venue are not contested.

3. <u>Consolidation</u>. Earlier in the proceedings, this case had been consolidated with the case styled *Danny McFarlin et al., v. Conseco, Inc. et al.*, CV-99-AR-2282-S. Upon dismissal of the *McFarlin* action, this lawsuit proceeded as a separate action.

EXHIBIT "A"

4.     Parties and Trial Counsel.  The parties before the court are correctly named, and the designated trial counsel for the parties are as set out below:

| PARTIES | TRIAL COUNSEL |
|---|---|
| Plaintiffs: | |
| David King | James L. Goyer, III; John N. Bolus; John Thomas A. Malatesta, III (Maynard, Cooper & Gale, P.C.) |
| | Randall S. Haynes; Nancy L. Eady (Morris, Haynes & Hornsby) |
| Michael Foster | Same counsel. |
| SunCoast Fringe Benefits, Inc. | Same counsel. |
| Consolidated Marketing Group, Inc. | Same counsel. |
| Defendant: | |
| Nationwide Mutual Insurance Company | Kori L. Clement (Hare, Clement & Duck, P.C.) |

5.     Pleadings.  The following pleadings (with the modifications contained in this order) have been allowed: complaint filed November 25, 2002, and as amended September 10, 2004 on behalf of each plaintiff; answer on behalf of defendant to each complaint.

6.     Statement of the Case.

(a)   Agreed Summary.  David King, Michael Foster, SunCoast Fringe Benefits, Inc. ("SFB") and Consolidated Marketing Group, Inc. ("CMG") (collectively the "King plaintiffs") are insureds under four insurance policies issued by Nationwide Mutual Insurance Company ("Nationwide").  A businessowners policy and a commercial umbrella liability policy issued to CMG were in effect from October 20, 1997 through September 9, 1999.  Similarly, a businessowners policy and a commercial umbrella liability policy issued to SFB were in force from March 29, 1996 through November 15, 2000.

On April 14, 2000 an amended complaint was filed in the United States District Court for the Northern District of Alabama in the case styled *Danny McFarlin et al., v. Conseco, Inc. et al.*, CV-99-AR-2282-S.  The King plaintiffs were named as defendants.  On February 9, 2001 a second amended complaint was filed in the same action.  This second amended complaint included additional factual allegations, and asserted violations of RICO in addition to the counts of fraud, tortious interference with business relations, conspiracy, breach of contract and unjust enrichment set forth in the amended complaint.

The King plaintiffs maintain that they first notified Nationwide of the *McFarlin* action on May 18, 2001. Nationwide contends it never received this first letter. Two more letters were sent on behalf of the King plaintiffs to Nationwide on August 2, 2001 and December 19, 2001, respectively, requesting a defense to the *McFarlin* action. Nationwide denied any coverage or defense obligations under the Nationwide policies in January, 2002. This lawsuit ensued.

On February 25, 2004 the District Court found, as a matter of law, that Nationwide owed a defense to the King plaintiffs under the Nationwide policies. Thereafter, Nationwide tendered partial payment of the defense costs incurred by the King plaintiffs. Based upon the demand of the King plaintiffs, Nationwide subsequently settled the *McFarlin* action with respect to the claims asserted against the King plaintiffs.

On April 28, 2006 the District Court dismissed all tort claims asserted by the King plaintiffs, a decision which was later affirmed by the Eleventh Circuit Court of Appeals. Plaintiffs' breach of contract claim is pending.

(b) <u>Plaintiffs' Position</u>. The King plaintiffs assert that their damages include reasonable out of pocket attorneys' fees and costs not yet reimbursed by Nationwide and the consequential damages stemming from the King plaintiffs having to prematurely liquidate assets to pay for this defense. The King plaintiffs' damages expert, Terry W. Humphryes, finds these damages to be in excess of $1,200,000.

Nationwide did not move for partial summary judgment on the consequential damages the King plaintiffs allege they incurred as a result of the breach of contract. Accordingly, the King plaintiffs disagree with the assertion by Nationwide, based upon its interpretation of a non-essential portion of Judge Acker's April 28, 2006 memorandum opinion set forth below, that the Court has ruled on the nature of those contract damages that remain at issue in this action. The District Court expressly limited its entry of final judgment pursuant to Fed. R. Civ. P. 54(b) to the dismissal of the tort claims asserted by the King plaintiffs. All damages stemming from the breach of contract claim, other than mental anguish, remain before this Court.

(c) <u>Defendant's Position</u>. Defendant disputes the plaintiffs' position and asserts as follows: Based on Judge Acker's April 28, 2006, Order which was affirmed by the Eleventh Circuit, the only remaining issue to be tried is the amount of attorney fees, if any, the plaintiffs may still be owed. Specifically, Judge Acker's April 28, 2006 Order states:

> "In other words, the only remaining claim based on contract is the claim for recovery of the unpaid-by-Nationwide reasonable cost of the defense of the King plaintiffs[.]"

April 28, 2006 Memorandum Opinion, p. 3.

    7. <u>Discovery and other pretrial procedures</u>.

    (a) All discovery in this case has been completed.

(b) The Standard Pretrial Procedures specified on Exhibit A hereto are adopted as part of this order.

(c) Pending motions:

1. Motion for Set-Off, filed by Nationwide Mutual Insurance Company ("Nationwide") [Doc. 70]. Opposition to Motion for Set-Off [Doc. 94, Ex. C]. Reply Brief in Support of Motion for Set-Off [Doc. 99];

2. Daubert Motion to Exclude Testimony of Terry Humphryes, filed by Nationwide [Doc. 72]. King Plaintiffs' Response to Daubert Motion [Doc. 106]. Reply Brief in Support of Daubert Motion [Doc. 112];

3. Daubert Motion to Exclude Testimony of Larry Matthews, filed by the King plaintiffs [Doc. 105]. Response by Nationwide [Doc. 114];

4. Daubert Motion to Exclude Limited Portions of the Testimony of Arthur Metcalf, filed by the King plaintiffs [Doc. 108]. Response by Nationwide [Doc. 111];

5. Motion to Strike Affidavit of John Thomas A. Malatesta, III, filed by Nationwide [Doc. 98]; Opposition to Motion to Strike [Doc. 101]; Reply Brief in Support of Motion to Strike [Doc. 103];

6. Motion to Strike Supplemental Affidavit of David King, filed by Nationwide [Doc. 103];

7. Motion to Strike Affidavit of Terry Humphryes, filed by Nationwide [Doc. 113].

8. Jury Trial. When the case is called for trial, the parties shall present to the court any special questions or topics for voir dire examination on the jury venire, and, to the extent the same can be anticipated, any requests for instructions to the jury (including extracts of any statutes on which instructions are requested).

9. Trial Date. This case is set for trial in Birmingham, Alabama on the ___ day of ___, 2007 at ____ a.m. Counsel reasonably anticipate the case should take three days to try.

ORDERED this the ___ day of ___, 2007 that the above provisions be binding on all parties unless modified by further order for good cause shown.